O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RANGER, individually and on behalf of a class of similarly situated individuals,<br><br>         Plaintiff,<br><br>   v.<br><br>T-MOBILE USA, INC., a Delaware corporation,<br><br>         Defendants. | Case No. EDCV 08-1518-VAP (JCx)<br><br>**[Motion filed on December 8, 2008]**<br><br>**ORDER DENYING MOTION TO DISMISS** |

   The Court has received and considered the papers filed in support of, and in opposition to, Defendant T-Mobile USA, Inc.'s "Motion to Dismiss Under FRCP 9(b)." The matter is appropriate for resolution without hearing pursuant to Local Rule 7-15; the hearing set on February 23, 2009 at 10:00 a.m. is vacated.  For the following reasons, the Court DENIES the Motion.

**I. BACKGROUND**

**A. Factual Allegations**

Plaintiff Kevin Ranger ("Plaintiff") registered for cellular telephone service with Defendant T-Mobile USA, Inc. ("Defendant") in 2004. (See Compl. at ¶¶ 23-24.) In 2008, Plaintiff alleges Defendant placed charges on his monthly billing statement for unwanted and unauthorized mobile content services. (Id. at ¶¶ 26-27.) Plaintiff alleges Defendant has a practice of "cramming," placing unauthorized charges on telephone bills, in its billing system. (Id. at ¶¶ 16, 28-29.) According to Plaintiff, Defendant knows and has known of this billing problem and has failed to provide Plaintiff a refund or change its billing practices to ensure accuracy. (Id. at ¶¶ 22, 30.)

**B. Procedural History**

Plaintiff, on behalf of himself and a class of similarly situated individuals, filed a Complaint against Defendant in the California Superior Court, Riverside County. The Complaint contained the following claims: (1) Breach of Contract; (2) Violation of Consumer Legal Remedies Act; (3) Violation of Unfair Competition Law; and (4) Violation of California Public Utilities Code § 2890.

Defendant removed the case to this Court on October 29, 2008 on the basis of the Class Action Fairness Act, 28 U.S.C. § 1453. (See Not. of Removal at 2.)

On December 8, 2008, Defendant filed a "Motion to Dismiss Under FRCP 9(b)" ("Motion") and the Declaration of James C. Grant ("Grant Declaration"). On January 12, 2009, Plaintiff filed Opposition and the Declaration of Jay Edelson ("Edelson Declaration"). On January 16, 2009, Defendant filed a Reply.

## II. LEGAL STANDARD

Allegations of fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). See Fed. R. Civ. P. 9(b). Rule 9(b) applies when a complaint specifically alleges fraud as an essential element of a claim. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). It also applies when the claim "sounds in fraud," by alleging the defendant engaged in fraudulent conduct, but the claim itself does not contain fraud as an essential element. Id. at 1106. Indeed, even if a complaint does not assert explicitly a claim for fraud and even if none of the claims in a complaint "sound in fraud," *any* allegations of fraudulent conduct in a complaint must be pled with particularity. Id. at 1102-05.

To satisfy the requirements of Rule 9(b), "[a] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. at 1106 (quotation omitted). Such allegations "must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. (citation omitted, internal quotation omitted). Specifically, the allegation must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).

Rule 9(b)'s particularity requirement must be read in harmony with Rule 8 of the Federal Rules of Civil Procedure, requiring a "short and plain" statement of the claim. See Spiegler v. Home Depot U.S.A., Inc., 552 F. Supp. 2d 1036, 1044 (C.D. Cal. 2008). Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Packaging Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989).

## III. DISCUSSION[1]

**A.   Application of Rule 9(b)**

As an initial matter, Plaintiff has not attempted to plead fraud nor do any of his claims, based on four separate statutes, require him to plead fraud as an element. Nevertheless, Defendant argues Rule 9(b) applies because all of Plaintiff's four claims "sound in fraud," based on the Complaint's separate section describing Defendant's allegedly fraudulent scheme that relates to all of Plaintiff's claims. (See Mot. at 6-7.) Plaintiff argues only claim two, for violation of the Consumer Legal Remedies Act ("CLRA"), and a portion of claim three, for violation of the Unfair Competition Law ("UCL"), sound in fraud. (See Opp'n at 5-6.)

Plaintiff accurately characterizes the nature of the allegations in his Complaint. Although the Complaint has a section describing Defendant's purportedly fraudulent scheme, it is merely background information, and does not relate specifically to each of Plaintiff's claims. Plaintiff's second and third claims allege Defendant made misrepresentations and engaged in fraud in violating the CLRA and the UCL. Claims one and four, on the other

---

[1] The parties argue about several matters not evident on the face of the Complaint, including the purported filing of several identical lawsuits by counsel related to Plaintiff's counsel in this case. The Court limits its review to the four corners of the Complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

hand, do not allege fraud, but breach of the service agreement with Plaintiff and entry of unauthorized telephone charges on customer billing statements. As only Plaintiff's second and third claims "sound in fraud," only they are subject to the heightened pleading requirement of Rule 9(b). See Vess, 317 F.3d at 1104.

**B.   Rule 9(b)'s Heightened Pleading Standard**

Defendant argues Plaintiff's claims should be dismissed under Rule 9(b). (See Mot.) According to Defendant, Plaintiff fails to meet Rule 9(b)'s requirements because the allegations of the putative class are too general and the allegations of the putative class representative do not identify the specific disputed billing entries or the provider of the unauthorized mobile content. (See Reply at 4.) In fact, Defendant argues Plaintiff's allegations are so deficient that it questions Plaintiff's standing to bring the claims altogether. (Id. at 5.)

In response, Plaintiff argues he alleges the "where, when, who, and what" of Defendant's fraudulent billing scheme, as it relates both to himself and the putative class. (See Opp'n at 7 ("the misrepresentations occur on T-Mobile's bills to its customers (where), at the time the bills (when) are transmitted to customers [including Plaintiff] (who). The nature of the misrepresentation is

that the bills indicate the customers consented to and approved the charges when in fact, the customers did not consent to them (what).").)  According to Plaintiff, he need not identify "at the pleading stages, a single transaction, let alone each and every bill [Defendant] has sent that contains a misrepresentation."  (Opp'n at 7.)

    Plaintiff is correct.  His allegations of Defendant's fraudulent billing practices satisfy the requirements of Rule 9(b).  See Vess, 317 F.3d at 1103-04; Cooper v. Pickett, 122 F.3d 1186, 1196 (9th Cir. 1997), *amended on other grounds by* 137 F.3d 616 (9th Cir. 1997) (finding the complaint met the requirements of Rule 9(b) because the allegations explained how certain of defendants' public statements were false, instead of flatly stating they were false, without supporting factual allegations).  The cases cited by Defendant are distinguishable on their facts.

    Defendant relies on recent rulings within this and neighboring Districts that found Rule 9(b) had not been satisfied; each of these cases are distinguishable factually.

1     First, Defendant relies on <u>Baytree Capital Assoc, LLC v. Quan</u>, 2008 WL 4447647, at *12 (C.D. Cal. 2008), where the Honorable Christina A. Snyder found the plaintiff failed to allege its fraud claims with sufficient particularity.  There, the plaintiff alleged securities fraud under the Private Securities Litigation Reform Act ("PSLRA"); the standard for fraud allegations under PSLRA is different from the Rule 9(b) standard.  <u>See</u> <u>In re Vantive Corp. Sec. Litig.</u>, 283 F.3d 1079, 1091 (9th Cir. 2002) (recognizing Rule 9(b) standard applied in <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1551 (9th Cir. 1994), superceded by PSLRA).  Accordingly, <u>Baytree Capital</u> does not apply here.

    Next, Defendant cites <u>Kearns v. Ford Motor Co.</u>, 2007 WL 5110308, at *2 (C.D. Cal. 2007), where the Honorable Andrew J. Guilford dismissed an amended complaint for failure to satisfy Rule 9(b).  There, the plaintiff pled he bought a car in reliance on the defendant's "representations that [the particular car was] safer, more reliable, and more roadworthy."  <u>Id.</u> at 1.  The plaintiff alleged these representations were made by the defendant through, <u>inter alia</u>, its national marketing campaign, but failed to identify which commercials he relied on, what representations were made in them, and when he watched them.  <u>Id.</u> at 2.  In other words, in <u>Kearns</u>, the plaintiff made only broad allegations about

8

Ford Motor Company's advertisements, without explaining which product the commercial was advertising, what statements were made in the commercial, what was relevant about the commercial, or when he watched them.  Given Ford's size and the number of products it sells, these allegations were not sufficient to put the defendant on notice of Plaintiff's claim.

By contrast, Plaintiff here alleges a specific fraudulent billing practice of Defendant: its failure to authenticate billing entries on its own customer's bills. Plaintiff's allegations allege sufficient information to provide notice to Defendant and for Defendant to determine how to defend against these allegations.  <u>Vess</u>, 317 F.3d at 1106.

Defendant also cites <u>Streamcast Networks, Inc. v. IBIS LLC</u>, 2006 WL 5720345, at *9 (C.D. Cal. 2006), where the plaintiff sued for fraudulent inducement based on alleged misrepresentations made during contract negotiations.  The Court found the plaintiff failed to plead adequately under Rule 9(b) the content of the defendant's purported misrepresentations.  This case, too, is distinguishable on its facts.  Here, Plaintiff pleads sufficiently the basis for his allegations: that Defendant engages in a fraudulent billing scheme of its customers through its failure to authenticate billing

1  entries from mobile content service providers.  See Vess,
2  317 F.3d at 1103-04.
3
4      Next, Defendant cites Crayton v. Rochester Medical
5  Corp., 2008 WL 3367604, at *8 (E.D. Cal. 2008), where the
6  Honorable Oliver W. Wanger found the plaintiff failed to
7  allege what specific instructions for a purported
8  defective product were fraudulent, thus failing to meet
9  Rule 9(b).  This case too is distinguishable.  Here,
10 Plaintiff does allege specifically the fraudulent billing
11 practices of Defendant.  Unlike in Crayton, Plaintiff
12 states the unauthorized billing entries from mobile
13 content providers are the specific items demonstrating
14 Defendant's fraud.
15
16     Finally, the Court grants Defendant's request for
17 Judicial Notice of Ford v. VeriSign, Inc., No. 05-CV-
18 0819-JM (RBB) (S.D. Cal. Dec. 14, 2005), attached as
19 Exhibit D to the Grant Declaration.  See Fed. R. Evid.
20 201.  In Ford, the Honorable Jeffrey T. Miller found the
21 plaintiffs' allegations of fraudulent misrepresentations
22 did not meet Rule 9(b).  There, the plaintiffs alleged a
23 mobile content service provider's Internet website and
24 television advertisements did not inform the public that
25 entering a cellular telephone number, under the guise of
26 receiving a free "ringtone," would instead sign up the
27 customer automatically for a subscription plan.  The
28

plaintiffs failed to allege how each putative representative plaintiff was defrauded, whether by the Internet website or by the television advertisements, or the specific circumstances of the defendant's fraud. In our case, however, Plaintiff alleges how he, as the putative class representative, was defrauded - in 2008, there was an unauthorized charge on his bill from Defendant for mobile content as a result of a flaw in Defendant's billing practices - and alleges the "who, what, when, where, and how" relating to Defendant's alleged fraudulent billing practice as they relate to the putative class members. Vess, 317 F.3d at 1103-04.

Plaintiff provides specific factual allegations about Defendant's purported fraudulent billing practices; Plaintiff does not simply allege Defendant has fraudulent billing practices. See Cooper v. Pickett, 122 F.3d at 1196. Furthermore, Plaintiff alleges how the billing scheme operates, how it is fraudulent, how it affects Defendant's customers, and that Defendant is aware of the it but has made no efforts to correct it or refund its customers for payment of the unauthorized charges. See Vess, 317 F.3d at 1103-04.

Whether or not Plaintiff can prove Defendant's billing practices are fraudulent is a question left for a summary judgment motion or trial; it is not appropriate

11

1 | to "test the evidence at this stage." <u>In re GlenFed,</u>
2 | <u>Inc. Securities Litigation</u>, 42 F.3d 1541, 1550 (9th Cir.
3 | 1994), *superceded in part by statute,* <u>In re Vantive Corp.</u>
4 | <u>Sec. Litig.</u>, 283 F.3d 1079, 1091 (9th Cir. 2002).

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion.

Dated: <u>February 19, 2009</u>     _____
　　　　　　　　　　　　　　　　　　 VIRGINIA A. PHILLIPS
　　　　　　　　　　　　　　　　United States District Judge

12